FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 14, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LORENZO G., <br><br>   Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>   Defendant. | No. 1:18-CV-03039-SMJ <br><br> **ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT** |

Before the Court, without oral argument, are the parties' cross-motions for summary judgment, ECF Nos. 13 & 14. Plaintiff appeals the Administrative Law Judge's ("ALJ") denial of his application for benefits. ECF No. 3. Plaintiff argues the ALJ erred by (1) rejecting the opinion of Plaintiff's treating physician, (2) rejecting the opinion of Plaintiff's niece, (3) rejecting Plaintiff's testimony, and (4) finding jobs exist in significant numbers in the national economy that Plaintiff can perform despite his limitations. The Commissioner of the Social Security Administration asks the Court to affirm the ALJ's decision. ECF No. 8.

After reviewing the record and relevant legal authorities, the Court is fully informed. For the reasons set forth below, the Court reverses the ALJ's decision and therefore grants Plaintiff's motion and denies the Commissioner's motion.

ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT **-** 1

# I. BACKGROUND[1]

On March 14, 2014, Plaintiff protectively filed an application for Supplemental Security Income, alleging a disability onset date of January 1, 2012. AR[2] 18. The Administration denied the claims initially and upon reconsideration, and Plaintiff requested a hearing. AR 18. ALJ Glenn G. Meyers presided over a hearing in Yakima, Washington on July 12, 2016. AR 18. The ALJ issued a decision unfavorable to Plaintiff. AR 15–24. The Appeals Council denied Plaintiff's request for review. AR 1.

# II. ALJ FINDINGS[3]

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 14, 2014. AR 20. At step two, the ALJ found Plaintiff has the following severe impairments: diabetes and diabetic neuropathy. AR 20. At step three, the ALJ found Plaintiff's impairments do not meet or medically equal the severity of a listed impairment. AR 20. At step four, the ALJ found Plaintiff has the residual functional capacity to perform less than the full range of sedentary work. AR 20. Further, at step four, the ALJ found Plaintiff is unable to perform

---

[1] The facts are only briefly summarized. Detailed facts are contained in the administrative hearing transcript, the ALJ's decision, and the parties' briefs.

[2] For ease and consistency with the parties' briefs, the Court cites to the consecutive pagination of the administrative record, which appears at ECF No. 9.

[3] The applicable five-step disability determination process is set forth in the ALJ's decision, AR 18–20, and the Court presumes the parties are well acquainted with that standard. Accordingly, the Court does not restate the five-step process here.

any past relevant work. AR 23. Finally, at step five, the ALJ found jobs exist in significant numbers in the national economy that Plaintiff can perform considering his age, education, work experience, and residual functional capacity. AR 23. Accordingly, the ALJ determined Plaintiff was not disabled, as defined in the Social Security Act, since March 14, 2014. AR 24.

## III. STANDARD OF REVIEW

The Court must uphold an ALJ's determination that a claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir. 1985)). "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). This must be more than a mere scintilla, but may be less than a preponderance. *Id.* at 1110–11. Even where the evidence supports more than one rational interpretation, the Court must uphold an ALJ's decision if it is supported by inferences reasonably drawn from the record. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

Yet, the Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of

supporting evidence." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014)).

## IV. ANALYSIS

### A. The ALJ committed legal error and failed to give specific and legitimate reasons, supported by substantial evidence, for rejecting the 2013 opinion of Plaintiff's treating physician.

"The ALJ is responsible for studying the record and resolving any conflicts or ambiguities in it." *Diedrich v. Berryhill*, 874 F.3d 634, 638 (9th Cir. 2017). "To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (alteration in original) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (quoting *Ryan*, 528 F.3d at 1198).

On August 30, 2013, Plaintiff's treating physician, Shannon Adam Boustead, MD, opined that Plaintiff's ability to work was "[s]everely limited" and he was "[u]nable to meet the demands of sedentary work." AR 226. Dr. Boustead opined that Plaintiff's limitations would persist for twelve months, even with available medical treatment. AR 226. The ALJ did not discuss Dr. Boustead's 2013 opinion. AR 18–24.

Plaintiff argues the ALJ erred by failing to consider or even acknowledge Dr. Boustead's 2013 opinion. ECF No. 13 at 5–9. The Court agrees. An ALJ must evaluate every medical opinion he or she receives, regardless of its source. 20 C.F.R. § 416.927(c) (2016). An ALJ errs if he or she ignores and fails to even mention a medical opinion in the record. *Marsh v. Colvin*, 792 F.3d 1170, 1172–1173 (9th Cir. 2015); *Garrison*, 759 F.3d at 1012–13.

The Commissioner advances two reasons why it believes the ALJ did not err by failing to evaluate Dr. Boustead's 2013 opinion. ECF No. 14 at 6–7. First, the Commissioner argues Dr. Boustead's 2013 opinion predated the "relevant period" beginning on March 14, 2014—the date Plaintiff protectively filed his application for benefits and the date of his last substantial gainful activity. ECF No. 14 at 6–7; *see also* AR 18, 20. The Court is not persuaded by the Commissioner's argument because the "relevant period" really began on Plaintiff's alleged disability onset date of January 1, 2012.[4] *See* AR 18.

---

[4] While Plaintiff is not entitled to benefits before March 14, 2014, *see* ECF No. 15 at 3, the ALJ was required to evaluate every medical opinion in the record, even those predating March 14, 2014, *see* 20 C.F.R. § 416.927(c) (2016). And while "[m]edical opinions that predate the alleged onset of disability are of limited relevance," *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008), Dr. Boustead's August 30, 2013 opinion postdated Plaintiff's alleged disability onset date by nearly twenty months, AR 224–26. Even if this were not the case, the Court has previously stated "an ALJ may not reject medical evidence solely because it predates the alleged date of the onset of disability." *Tabitha J. v. Comm'r of Soc. Sec.*, No. 4:17-cv-05111-SMJ, slip op. at 11 (E.D. Wash. July 10, 2018) (ECF No. 21). "In some cases, the time elapsed between the medical

Second, the Commissioner argues Dr. Boustead's 2013 opinion differed from his 2015 opinion, to which the ALJ assigned some weight. ECF No. 14 at 6–7. But the Court may not affirm an ALJ's decision on a ground upon which he or she did not rely. *Garrison*, 759 F.3d at 1010. The Court may only review the reasons an ALJ provides in his or her decision. *Id.* Here, the ALJ gave no reason, let alone a specific and legitimate reason supported by substantial evidence, for rejecting Dr. Boustead's 2013 opinion. *See Marsh*, 792 F.3d at 1172–73. The Court may not justify the ALJ's decision based on *post hoc* rationalizations. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226–27 (9th Cir. 2009).

The Court cannot conclude the ALJ's error was "inconsequential to the ultimate nondisability determination." *Marsh*, 792 F.3d at 1173 (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006)). On the contrary, the Court must treat the error as harmful because a reasonable ALJ, after fully crediting Dr. Boustead's 2013 opinion, could find Plaintiff disabled. *See id.*

Plaintiff requests remand for an award of benefits. ECF No. 13 at 8–9. But the ALJ's failure to evaluate Dr. Boustead's 2013 opinion left a record with unresolved conflicts and ambiguities. This error requires remand for further administrative proceedings so the ALJ can weigh Dr. Boustead's 2013 opinion in

---

opinion and the onset may be sufficient to discount its relevance." *Id.* "However, where . . . the medical opinion evidence is from shortly before the period of alleged disability, the ALJ must provide a basis for rejecting the opinion." *Id.*

the first instance. *See Marsh*, 792 F.3d at 1173. The Court remands this case to the ALJ because the record has not been fully developed, outstanding issues must be resolved before a disability determination can be made, and further administrative proceedings would be useful to remedy the identified defects. *See Leon v. Berryhill*, 880 F.3d 1041, 1045–47 (9th Cir. 2017).

**B.      The ALJ must reevaluate the opinion of Plaintiff's niece.**

In addition to medical opinions, an ALJ must also consider opinions from "other sources," including nonmedical sources such as relatives. 20 C.F.R. § 416.913(d)(4) (2016). "Lay testimony as to a claimant's symptoms or how an impairment affects the claimant's ability to work is competent evidence that the ALJ must take into account." *Molina*, 674 F.3d at 1114. "[A]n ALJ may give less deference to 'other sources' only if the ALJ gives reasons germane to each witness for doing so." *Revels*, 874 F.3d at 655. For nonmedical sources such as relatives, an ALJ should consider "the nature and extent of the relationship, whether the evidence is consistent with other evidence, and any other factors that tend to support or refute the evidence." Social Security Ruling ("SSR") 06-03p, *available at* 2006 WL 2329939, at *6. And, an ALJ should generally discuss these factors in his or her decision. *Id.*

On September 8, 2014, Plaintiff's niece, Sylvia Salazar, provided her observations on Plaintiff's day-to-day life and opined on the extent of his

limitations. AR 180–87. Salazar noted she had known Plaintiff for forty-one years and saw him a couple weekends a month during visits, barbeques, or hangouts. AR 180. The ALJ assigned Salazar's opinion little weight "for the same reasons [he] determined that the claimant's statements regarding the severity of his symptoms are not entirely credible (i.e., his longitudinal treatment history, the objective clinical findings, his performance on physical and mental status examinations, and his independent daily activities)." AR. 22.

Plaintiff argues the ALJ erred by rejecting Salazar's opinion. ECF No. 13 at 9–11. The Court sees no reversible error in how the ALJ ultimately weighed this evidence because it supports more than one rational interpretation and the ALJ's decision is supported by inferences reasonably drawn from the record. However, considering Dr. Boustead's 2013 opinion may change the ALJ's assessment of Salazar's opinion. Additionally, it would be helpful for the ALJ to articulate his analysis of all the factors set forth above. *See* SSR 06-03p, *available at* 2006 WL 2329939, at \*6. Having already decided remand is necessary, the Court therefore instructs the ALJ to reevaluate Salazar's opinion in light of the entire record.

**C.     The ALJ must reevaluate Plaintiff's testimony.**

Where a claimant presents objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged, and there is no evidence of malingering, an ALJ "must give specific, clear and

convincing reasons in order to reject the claimant's testimony about the severity of the symptoms." *Diedrich*, 874 F.3d at 641 (quoting *Molina*, 674 F.3d at 1112). A finding that the claimant's testimony is not credible must be sufficiently specific to allow the Court to conclude the ALJ rejected it on permissible grounds and did not discredit it arbitrarily. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)).

The ALJ found "the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms" but "his statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the entire case record." AR 21. Specifically, the ALJ found as follows: "the treatment record shows that the claimant's symptoms improve significantly when he consistently takes medications," AR 21, and "the claimant testified that he attempted to go back to work lifting and stacking boxes about 30 pounds within the past year . . . [but] was unable to perform this type of work at that level of exertion[, though this] does not mean that the claimant is incapable of performing other work," AR 22.

Plaintiff argues the ALJ erred by rejecting his testimony about the severity

of his symptoms. ECF No. 13 at 16–20. Again, the Court sees no reversible error in how the ALJ ultimately weighed this evidence because it supports more than one rational interpretation and the ALJ's decision is supported by inferences reasonably drawn from the record.[5] However, considering Dr. Boustead's 2013 opinion and Salazar's opinion may change the ALJ's assessment of Plaintiff's testimony. Additionally, it would be helpful for the ALJ to address the concerns Plaintiff raises on appeal, namely his barriers to consistent treatment and the possible inefficacy of such treatment on the whole. *See id.* Having already decided remand is necessary, the Court therefore instructs the ALJ to reevaluate Plaintiff's testimony in light of the entire record.

**D. The ALJ must reevaluate whether jobs exist in significant numbers in the national economy that Plaintiff can perform despite his limitations.**

At step five, the Commissioner has the burden to "identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his or her] identified limitations." *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015) (first alteration in original) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995)). An ALJ must identify at least three such occupations and may identify fewer than three only if it is clear that significant

---

[5] Moreover, the ALJ relied on permissible factors in assessing Plaintiff's testimony. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002); *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014).

ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT **-** 10

numbers of jobs exist in fewer than three occupations. *See* Soc. Sec. Admin., *Program Operations Manual System: Disability Insurance* § 25025.030.C.1 (2018). While 1680 national jobs is certainly not enough, *Beltran v. Astrue*, 700 F.3d 386, 390 (9th Cir. 2012), even 25,000 national jobs "presents a close call," *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014).

Here, the ALJ identified three occupations—assembler, leaf tier, and addresser—that he found Plaintiff could perform despite his limitations and that he found have jobs existing in significant numbers in the national economy. AR 24. Plaintiff argues the ALJ erred in making these findings. ECF No. 13 at 11–15.

The Commissioner concedes the assembler job does not fit Plaintiff's residual functional capacity because it is light work, not sedentary work. ECF No. 14 at 9–10. The Court accepts this concession and concludes the ALJ erred by finding Plaintiff could perform the assembler job despite his limitations. But this does not fully resolve the matter, as the parties dispute whether the leaf tier and addresser jobs are sufficient for the Commissioner to meet its step five burden.[6]

The leaf tier job is an occupation in the tobacco industry. *See* U.S. Dep't of Labor, *Dictionary of Occupational Titles* ("DOT") code 529.687-138 (4th ed. 1991). The ALJ found 43,000 leaf tier jobs exist in the national economy. AR 24.

---

[6] Plaintiff sufficiently preserved his objection to the leaf tier and addresser jobs because he "raise[d] the job-numbers issue in a general sense before the ALJ." *Shaibi v. Berryhill*, 883 F.3d 1102, 1110 (9th Cir. 2017).

Plaintiff argues "such a number is wholly inconsistent with reality." ECF No. 13 at 13; *see also id.* at 13–15. The Court rejects Plaintiff's argument because it improperly relies on evidence outside the record. *Cf. Burkhart v. Bowen*, 856 F.2d 1335, 1341 (9th Cir. 1988). But the Court instructs the ALJ to hear Plaintiff's argument, receive his evidence, and adjudicate the issue on remand.

The addresser job is a clerical occupation. *See* DOT code 209.587-010. The ALJ found 12,000 addresser jobs exist in the national economy.[7] AR 24. Plaintiff argues this number is flawed because it fails to specify whether these are part-time or full-time jobs. ECF No. 13 at 12–13. Having already decided remand is necessary, the Court need not reach this issue. It suffices for the ALJ to address Plaintiff's argument and further develop the record on remand.

The ALJ must reevaluate whether jobs exist in significant numbers in the national economy that Plaintiff can perform despite his limitations. Specifically, the ALJ shall further develop the record on the numbers of jobs and whether those numbers are sufficiently significant.

//

---

[7] While the ALJ cited the wrong code for the addresser job, the error was harmless because the ALJ specifically referenced this job by its correct title and the correct code for this job is in the record and describes sedentary work. *See* AR 72 (vocational expert identifying the job of "[a]ddresser, 209.587-010, sedentary"); DOT code 209.587-010 (assigning the addresser job a rating of "*STRENGTH: S*"); *see also* DOT app. C (explaining a strength rating of "S" stands for "Sedentary Work").

<mark>ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT - 12</mark>

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3. This matter is **REVERSED** and **REMANDED** to the Commissioner for further proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

4. All pending motions are **DENIED AS MOOT**.

5. All hearings and other deadlines are **STRICKEN**.

6. The Clerk's Office is directed to **ENTER JUDGMENT** for Plaintiff and **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 14th day of January 2019.

SALVADOR MENDOZA, JR.
United States District Judge